IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD BRIAN HORWITZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-14-567-D |
| v. | ) | |
| | ) | |
| JOHN FOX, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se* and *in forma pauperis*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking credit toward his federal sentence for time allegedly spent in pretrial federal custody. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be denied.

On December 13, 2012, Petitioner pled guilty to Financial Institution Fraud and Aggravated Identity Theft and was convicted in the United States District Court for the Western District of Texas in United States v. Richard Brian Horwitz, Case No. SA-12-CR-862-XR. Petitioner was sentenced on May 28, 2013, to a 51-month aggregate term of imprisonment for his federal convictions, and he is currently confined at the Federal Correctional Institution in El Reno, Oklahoma ("FCI El Reno") serving his sentence.

On December 24, 2013, Petitioner submitted an Informal Resolution Form to his

counselor and unit manager at FCI El Reno in which he requested credit toward his federal sentence for 259 days of "prior jail time while in the official federal custody prior to the date the sentence commence[d]." Petition, att. 3. Petitioner asserted that he had been transferred from Texas state custody to the custody of the federal government on October 2, 2012, and that he had remained in federal custody until the date of his sentencing on May 28, 2013. Petition, att. 3. This is the time period for which he contended he was entitled to sentence credit. Petitioner's request was denied.

Petitioner next submitted a request for administrative remedy to FCI El Reno Warden Fox. In a response dated January 14, 2014, Warden Fox stated, in relevant part, that

> [r]elevant documentation reveals you were arrested by the State of Texas, sentenced to the Texas Department of Corrections, and therefore you were in primary state custody. The United States Marshal Service 'borrowed' you from the state on October 2, 2012, on a federal writ for prosecution on federal charges. You were sentenced on your federal charges on May 28, 2013, and the United States Marshal Service never returned you back to the state because you paroled from your state sentence on June 19, 2013, while still out on writ. Your federal sentence begins the day you were released from state custody and you will not receive dual credit for the time period you are requesting.

Petition, att. 4. Warden Fox denied Petitioner's request.

Petitioner appealed the Warden's response. On February 26, 2014, the Bureau of Prisons ("BOP") Regional Director's office advised Petitioner that his appeal requesting prior custody credit was denied. Petition, att. 5. The response advised Petitioner that "[w]e have reviewed your appeal and the Warden's response dated January 14, 2014. The additional prior custody credit you request is precluded under 18 U.S.C. § 3585(b), as it has

2

been applied to another term of imprisonment. Accordingly, your sentence computation is accurately calculated in accordance with Program Statement 5880.28, . . . and all applicable federal statutes and Bureau of Prisons (BOP) policy." Petition, att. 5.

Petitioner appealed this decision, and on May 9, 2014, BOP Administrator Watts of the National Inmate Appeals office advised Petitioner that his appeal was denied. In this response, Administrator Watts advised Petitioner that he was not entitled to credit from October 2, 2012 through May 28, 2013, toward his federal sentence because he had been transferred to federal custody from state custody on October 2, 2012, pursuant to a federal writ for purposes of prosecution, and he therefore remained in state custody and his "federal sentence . . . commence[d] when the state relinquished custody of [him] on June 19, 2013, when [he was ] paroled from [his] Texas sentence." Petition, att. 7.

Petitioner was further advised that "[t]itle 18 U.S.C. § 3585(b) precludes the application of credit for time that has been credited toward the service of another sentence. Officials with the Texas Department of Criminal Justice have confirmed you were in service of your state sentence during the time you were on federal writ. As the credit you are seeking from October 2, 2012, through May 28, 2013, has already been credited toward your state sentence, it cannot also be applied toward your federal sentence." Id.

Petitioner also filed a motion to modify his sentence in the sentencing court, and the motion was denied for multiple reasons, including lack of jurisdiction to consider the motion which the court ruled must be brought in a 28 U.S.C. § 2241 proceeding in the district in which Petitioner is confined. Petition, att. 1.

In this action, Petitioner asserts the same claim that he raised in his administrative proceedings before the BOP. Petitioner asserts that he is entitled to credit toward his federal sentence from October 2, 2012, the date on which he was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum addressed to the warden of the state correctional facility where he was then confined, to May 28, 2013, the date of his federal sentencing in Texas district court.

Petitioner bases his claim for credit on the language in 18 U.S.C. § 3585(b). Under this statute, a defendant is to be given credit toward his or her sentence for any time spent in custody prior to the commencement of a federal sentence so long as, *inter alia*, that time "has not been credited against another sentence."

"The computation of a federal sentence requires consideration of two separate issues. Initially, we determine the commencement date of the federal sentence and then turn to the extent to which a defendant can receive credit for time spent in custody prior to commencement of sentence." Binford v. United States, 436 F.3d 1252, 1254 (10th Cir. 2006). Pursuant to 18 U.S.C. § 3585(a), a federal sentence commences "on the date the defendant is received in custody. . . ." Thus, "[a] federal sentence does not commence until a prisoner is actually received into federal custody for that purpose." Binford, 436 F.3d at 1255. In this case, the BOP determined that Petitioner's federal sentence commenced on June 19, 2013. Petitioner does not challenge this determination. Rather, he seeks credit for presentencing custody only.

First, with respect to Petitioner's claim that the sentencing court should have awarded

4

him credit for presentencing custody, this claim is without merit. "Congress has indicated that computation of the [§ 3585(b)] credit must occur after the defendant begins his sentence." United States v. Wilson, 503 U.S. 329, 333-334 (1992). Thus, a sentencing court has no jurisdiction to award credit under 18 U.S.C. § 3585(b) for prior custody. United States v. Jenkins, 38 F.3d 1143, 1144 (10th Cir. 1994).

Secondly, the BOP determined that Petitioner could not receive credit under 18 U.S.C. § 2585(b) toward service of his federal sentence for any period of time prior to June 19, 2013, because that time was credited toward his prior state sentence. When the BOP calculated Petitioner's sentence, the BOP was not required to give, and was statutorily prevented by § 3585(b) from giving, Petitioner credit on his federal sentence for time that he had spent in state custody prior to the discharge of his state sentence. See United States v. Simpson, 525 Fed. App'x. 733, 735 (10th Cir. 2013)(unpublished op.)("Section 3585(b) allows a federal defendant to be given credit toward his federal term of imprisonment only if that time 'has not been credited against another sentence.'").

Because Petitioner had only been temporarily transferred from state custody to federal custody pursuant to a writ of habeas corpus ad prosequendum, Texas did not relinquish its custody over Petitioner until he discharged his state sentence. See Weekes v. Fleming, 301 F.3d 1175, 1180 (10th Cir. 2002)(holding that where state maintained primary custody over prisoner under prior arrest, United States took only temporary custody of him under writ for prosecution purposes and state was entitled to prisoner's return after his federal sentencing under law of comity and requirements of the writ); Hernandez v. U.S. Attorney General, 689

F.2d 915, 918 (10th Cir. 1982)(holding state did not relinquish jurisdiction over prisoner when custody of prisoner was transferred temporarily to federal government under writ of habeas corpus ad prosequendum for federal sentencing).

Petitioner has provided no evidence or even asserted that the State of Texas paroled him from his state sentence before June 19, 2013. Accordingly, Petitioner's Petition which requests that habeas relief be granted to the extent that his federal sentence be credited for the time he spent in temporary federal custody under a writ of habeas corpus ad prosequendum between October 2, 2012 and May 28, 2013, should be denied.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DENIED. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by June 30th , 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this    10th    day of    June   , 2014.

                                              */s/ Gary M. Purcell*
                                              GARY M. PURCELL
                                              UNITED STATES MAGISTRATE JUDGE