# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD BRIAN HORWITZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-14-567-D |
| ) | |
| JOHN FOX, Warden ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner, a federal prisoner appearing *pro se*, has filed a petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary Purcell for initial proceedings. In a Report and Recommendation [Doc. No. 6] issued on June 10, 2014, the Magistrate Judge recommended the petition be denied.

Petitioner timely filed an objection [Doc. No. 7] to the Report and Recommendation. Petitioner does not raise any new arguments in support of his objection, but reasserts the claims raised in his petition.

Petitioner pled guilty to Financial Institution Fraud and Aggravated Identity Theft and was convicted in the United States District Court for the Western District of Texas, Case No. SA-12-CR-862-XR. He was sentenced on May 28, 2013, to a 51-month aggregate term of imprisonment for his federal convictions. Petitioner is currently confined at the Federal Correctional Institution in El Reno, Oklahoma serving his federal sentence.

Petitioner claims he is entitled to credit on his federal sentence from October 3, 2012 through May 28, 2013 because he was in federal custody during that time. As determined by the Magistrate Judge, the record reflects that Petitioner was only in temporary federal custody during that time period under a writ of habeas corpus ad prosequendum. He had not commenced serving his federal sentence but remained in state custody until the State of Texas paroled him from the state sentence on June 19, 2013.

Petitioner claims his federal custody was not temporary because he never returned to state custody. Petitioner's argument is unavailing. Texas did not relinquish custody of Petitioner when the United States took custody of him pursuant to the writ of habeas corpus ad prosequendum. *See Weeks v. Fleming*, 301 F.3d 1175, 1180 (10th Cir. 2002). And, as fully explained by the Magistrate Judge, pursuant to 18 U.S.C. § 3585(a) Petitioner's federal sentence did not begin to run until he was received into federal custody for that purpose. *See Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006). Therefore, he could not receive credit on his federal sentence prior to June 19, 2013, when the State of Texas paroled him from his state sentence.[1] Moreover, Petitioner could not receive credit under 18 U.S.C. § 3585(b) toward service of his federal sentence for any period of time prior to June 19, 2013, because, as determined by the Bureau of Prisons, that time was credited toward his prior state sentence. Under these circumstances, the Magistrate Judge correctly determined that Petitioner was not entitled to credit toward his federal sentence for the time period at issue, October 3, 2012 through May 28, 2013.

---

[1] Petitioner does not contend that the State of Texas paroled him from his state sentence prior to June 19, 2013. In the objection, he merely states that he is "not obligated to prove, or show evidence that he was paroled prior to June 19, 2013." *See* Objection at p. 6.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 6] is ADOPTED in its entirety and the Petition for Writ of Habeas Corpus [Doc. No. 1] is DENIED.

IT IS SO ORDERED this 30th day of July, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE